IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK 11-80297 |
| | ) | |
| QA3 Financial Corp. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## FILED BY CATLIN SPECIALTY INSURANCE COMPANY

COMES NOW Catlin Specialty Insurance Company ("Catlin"), a provider of insurance to the QA3 Financial Corp. ("Debtor") and in support of this Motion for Relief from the Automatic Stay, shows the court the following:

1. Catlin is an insurer incorporated under the laws of the State of Delaware and maintains its principal place of business in Atlanta Georgia. Catlin maintains an underwriting office in the State of New York.

2. The Debtor is a broker/dealer engaged in the sale of securities throughout the United States.

3. The Debtor undertook regular and systematic activities in New York including, without limitation, the maintenance of significant offices, registered representatives and employees, as well as it bank and other accounts in New York, for the purpose of sales of securities to New York residents. Moreover, the Debtor purposefully sought insurance, and submitted applications and premiums to Catlin in New York.

4. Catlin issued a Broker/Dealer and Registered Representative Professional Liability Policy that was negotiated and issued from Catlin's underwriting office located in New

- 1 -

Case 11-80297-TJM    Doc 68    Filed 04/28/11    Entered 04/28/11 14:33:13    Desc Main
Document      Page 2 of 3

York, New York. This policy issued to the Debtor was policy number BDP-92998-1109 for the period of November 1, 2008 to November 1, 2009 ("Policy").

5.  On November 23, 2010 in the United States District Court for the Southern District of New York, Catlin filed a complaint for declaratory judgment against the Debtor regarding the Policy ("New York Case"). This proceeding was assigned case number 10-CV-8844. (New York Case 10-CV-8844, Filing #1).

6.  On February 1, 2011, the Debtor filed an answer to the complaint and demand for a jury trial (New York Case 10-CV-8844, Filing #13).

7.  The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 11, 2011.

8.  On March 2, 2011, the Debtor filed a suggestion of bankruptcy in the New York Case (New York Case 10-CV-8844, Filing #14).

9.  The New York Case sought from the court the following orders:

    a.  An "order declaring that the Aggregate Limit of Liability under the Policy applicable to all private placement claims is $1,000,000 and any further obligations of Catlin to defend and/or indemnify, if any, shall cease upon payment of said Aggregate Limit of Liability." Count I (New York Case 10-CV-8844, Filing #1 at p.8).

    b.  An "order declaring that the private placement matters represented single "Claims," and that the Policy does not afford defense or indemnity coverage for any claims that do not arise from "Interrelated Wrongful Acts" that were first made and reported after termination of the Policy Period." Count II (New York Case 10-CV-8844, Filing #1 at p.10).

    c.  An "order declaring that the Policy does not afford defense or indemnity coverage for the private placement claims, pursuant to Exclusion N." Count I (New York Case 10-CV-8844, Filing #1 at p.11).

10. Catlin has filed this motion to obtain relief from the automatic stay to continue the declaratory judgment proceeding regarding the Policy.

11. Pursuant to Local Rule 4001-1 D, Catlin expects to provide evidence in the form of a declaration or affidavit of the following:

    a. Copy of the Complaint in the New York Case.

    b. Copy of the Answer in the New York.

    c. That jurisdiction and venue is proper in the Southern District of New York for the New York Case.

    d. Catlin is not seeking any affirmative recovery from the Debtor in the New York Case.

    e. The parties have already entered their appearance in the New York Case and it is appropriate to continue the New York Case.

    f. Continuing the New York Case will not be detrimental to the Debtor because the Debtor has already retained legal counsel and participated in the New York Case.

    g. The law of the State of New York controls the interpretation of the policy and thus it would be appropriate to have the declaratory judgment proceeding litigated in a court located within the State of New York.

WHEREFORE, Catlin prays that the Court enter an order granting it relief from the automatic stay for the limited purposes of obtaining declaratory relief in the New York Case, that the ten-day stay period provided in Rule 4001(a)(3) shall not apply, and for such other and further relief as the court deems just and equitable in the premises.

DATED: April 28, 2011.

Catlin Specialty Insurance Company ("Catlin")

By: *s/James A. Overcash*
James A. Overcash, No. 18627
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone (402) 437-8500
Facsimile (402) 437-8558
jovercash@woodsaitken.com